**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHAZZ CLEVINGER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCACY HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 1:23-cv-1159-JMC |
| ADVOCACY HOLDINGS, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CHAZZ CLEVINGER, et al.,<br><br>Counter-Defendants. | |

**CLEVINGER'S EXPEDITED MOTION TO STRIKE PORTIONS OF ADVOCACY HOLDINGS, INC.'S DECLARATIONS PURSUANT TO MOTION FOR PRELIMINARY INJUNCTION**

Chazz Clevinger respectfully files this Expedited Motion to Strike Portions of Advocacy Holdings, Inc. ("Advocacy Holdings")'s Declarations Pursuant to Motion for Preliminary Injunction. For the reasons discussed herein, Clevinger's Evidentiary Objections [ECF No. 21] should be sustained and the inadmissible and improper allegations in the offending portions of the declarations [ECF Nos. 13-2, 13-3, and 13-4] should be stricken and disregarded.

## INTRODUCTION

Defendant Advocacy Holdings delayed 71 days and then belatedly moved for a preliminary injunction. The scant evidence in support of the defective motion is improper, insufficient, and

inadmissible as it is characterized by speculation, lack of personal knowledge, hearsay, improper opinions, and loose rhetoric. Advocacy Holdings failed to submit any competent evidence whatsoever to establish irreparable harm. The Court should exercise its discretion and sustain Clevinger's Evidentiary Objections to the defective declarations.

**STATEMENT OF POINTS AND AUTHORITIES**

While the procedures attendant to preliminary injunction proceedings are generally less formal than a trial on the merits, *see e.g.*, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), *Natural Res. Def. Council v. Pena,* 147 F.3d 1012, 1023 (D.C. Cir. 1998), nothing in Rule 65 "specifies what sort of affidavits are required at the preliminary injunction stage." *Cobell v. Norton*, 391 F. 3d 251, 260-61 (D.C. Cir. 2004). Pursuant to a preliminary injunction proceeding, it is within the district court's discretion to consider the admissibility of evidence and its weight pursuant to all attendant factors given the character and objectives of the injunctive proceeding. *See id., see also Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986); *Mullins v. City of New York,* 626 F.3d 47, 52 (2d Cir. 2010); *Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545, 551 (5th Cir. 1993).

Within the preliminary injunction context, the district court properly exercises its discretion by sustaining objections to declarations on grounds of speculation, hearsay, and improper lay opinions. *See e.g., A.A. v. Raymond*, No. 2:13-cv-01167-KJM-EFB, 2013 WL 3816565, at *7 (E.D. Cal. July 22, 2013); *X17, Inc. v. Lavandeira*, No. CV06-7608-VBF( JCX), 2007 WL 790061, at *2-3 (C.D. Cal. Mar. 8, 2007) ("Defendant's objections are sustained and the evidence is held inadmissible for lack of proper authentication . . . The corresponding portions of Navarre's Declaration are held inadmissible for failure to establish Ms. Navarre's personal knowledge of the matters contained therein.") In sustaining hearsay objections in *X17*, the district court confirmed

that "the decision whether to consider hearsay evidence for the purposes of deciding whether to issue a preliminary injunction was within the discretion of the District Court," and because "Plaintiff has made no showing that the consideration of hearsay evidence is warranted (for example, the difficulty of obtaining affidavits from persons who would be competent to testify at trial), this Court will continue to observe the prohibition against hearsay evidence." *Id*. at 3.

## I. The Scant Evidence in the Declarations is Objectionable on Multiple Grounds, Without Excuse, and the Court Should Sustain the Objections.

After delaying 71 days from March 30, 2023 to June 9, 2023 before filing a motion for preliminary injunction, Advocacy Holdings failed to even attempt to submit proper supporting evidence. Virtually every substantive paragraph is objectionable on multiple bases. The declarations contain no general or specific statement that the assertions therein were made on personal knowledge. The assertions were clearly not made on personal knowledge, as the allegations routinely cite hearsay from unnamed sources while referring to "OCP" in the third-person for no apparent reason. The defective allegations also contain improper conclusory legal statements and inflammatory, unsupported, and non-factual rhetoric. Moreover, nearly every paragraph is a mash-up compound diatribe which is difficult to follow. Advocacy Holdings failed to explain why it chose to present mystery unnamed sources, speculation, innuendo, assumptions, and allegations made without personal knowledge instead of proper evidence. After waiting 71 days, there is no good reason. Because each Objection is well-taken on multiple grounds, the Objections should be sustained and the motion for preliminary injunction should be summarily denied.

## II. Advocacy Holdings Presented No Evidence Demonstrating Irreparable Harm and Instead Relied on Inadmissible Hearsay and Unsupported Statements which Should be Stricken and Disregarded.

While the shortcomings pursuant to Advocacy Holdings' declarations are drastic across the board, the failures are particularly glaring in the context of this party's failure to demonstrate irreparable harm. A party seeking a preliminary injunction "bears the twin burdens of production and persuasion." *Haynes v. Navy Fed. Credit Union*, 841 F. Supp. 2d 221, 223 (D.D.C. 2012) (*citing Qualls v. Rumsfeld,* 357 F.Supp.2d 274, 281 (D.D.C. 2005) and LCvR 65.1(c) ("The application must be supported by all affidavits on which the plaintiff intends to rely.")); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (holding that injunctive relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion.")

The evidence that Advocacy Holdings presented is the opposite of a clear showing, particularly regarding irreparable harm. Advocacy Holdings failed to produce a single financial document, when it could have produced bank statements, balance sheets, income statements general ledgers, and tax returns. The motion contains no credible showing of a likelihood of any harm, let alone a "clear showing" of "irreparable harm." Advocacy Holdings failed to provide any client lists or an affidavit from a single client. The third-hand hearsay from unnamed sources does not suffice particularly when Advocacy Holdings chose to conceal its financial information which would have proven or disproven irreparable harm. By concealing the critical evidence from the court, like bank records, tax returns, income statements, balance sheets, and client lists, Advocacy Holdings' reliance on improper evidence should be rejected. The Objections should be sustained and the offending portions of the declarations should be stricken and disregarded.

## CONCLUSION

As comprehensively set forth in the accompanying Objections [ECF No. 21], the offending portions of the declarations submitted by Advocacy Holdings should be stricken and disregarded.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase
D.C. Bar No. 985629
Chase Law & Associates, P.A.
1141 71st Street
Miami Beach, FL 33141
Tel: (305) 402-9800
Fax: (305) 402-2725
Email: kchase@chaselaw.com

*Attorneys for Plaintiff/Counter-Defendant Chazz Clevinger*

## LOCAL RULE 7 CERTIFICATION

I, Kenneth E. Chase, hereby certify that I conferred with counsel for Defendants, Anand Ramana, prior to the filing of this motion by email on June 20, 2023. In response, Defendants' counsel stated that he "cannot make a determination" regarding whether he consents to the relief requested. Accordingly, it is presumed that Defendants do not consent to the relief requested herein. Meet and confer efforts will continue as appropriate.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase

**CERTIFICATE OF SERVICE**

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves notice to all counsel of record, on June 20, 2023.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase