VedderPrice

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami
vedderprice.com

Anand Ramana
Shareholder
+1 202 312 3325
aramana@vedderprice.com

November 25, 2025

**VIA ECF FILING AND ELECTRONIC MAIL**

Hon. G. Michael Harvey
U.S. Magistrate Judge
U.S. District Court for the District of Columbia
Harvey_Chambers@dcd.uscourts.gov

**Re: Dispute Over Clevinger Parties' Refusal to Produce CiviClick and SCS Income Statements;**
***Clevinger v. Advocacy Holdings, Inc.*, D.D.C. Civil Action Nos. 1:23-cv-1159, -1176**

Dear Judge Harvey:

Advocacy Holdings intends this letter to raise a discovery dispute with this Court concerning the Clevinger Parties' refusal to produce basic income statements for CiviClick and SCS. Advocacy Holdings produced income statements long ago, and is simply asking CiviClick and SCS to do the same.

On December 29, 2024, Advocacy Holdings issued document requests to CiviClick and SCS. Request No. 4 for each set of document requests seeks "[a]ll documents reflecting income you received from any source."

On January 29, 2025, the Clevinger Parties asked for a ten day extension to serve objections, responses, and documents. The Advocacy Holdings Parties granted that extension. The Clevinger Parties did not serve anything within ten days. The Clevinger Parties then informed Advocacy Holdings that they would serve their discovery objections, responses, and documents on February 14. That did not happen. Instead, on February 14, the Clevinger Parties informed Advocacy Holdings that they would serve discovery objections, responses, and documents on February 18. That did not happen, either.

On February 19, CiviClick and SCS served objections and documents responsive to Request No. 4. **Exhibits 1 & 2**. Generally, CiviClick and SCS objected on confidentiality grounds (although this Court entered a protective order on June 30, 2023, see Dkt. No. 37) and apparently overbreadth.

While preparing for CiviClick's and SCS' scheduled deposition on December 4, 2025, the undersigned counsel learned that neither CiviClick and SCS produced any basic income statements which would reflect the aggregate "income .. received from any source." Instead, in response to Request No. 4, CiviClick and SCS only re-produced a handful of invoices that they had produced for the preliminary injunction hearing in July 2023.



Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

On November 21, the undersigned counsel contacted counsel for CiviClick and SCS to request that CiviClick produce its income statements for the years 2023, 2024, and 2025 (to date), and that SCS produce its income statements for the years 2021, 2022, 2023, 2024, and 2025 (to date). **Exhibit 3**. Each income statement is likely one or two pages long. These documents are crucial to cross-check whether CiviClick, SCS, and the third party subpoena recipients have produce all invoices. Specifically, the income statements for CiviClick and SCS should reflect roughly the same income as reflected in the invoices. On November 25, CiviClick and SCS refused to do so. **Exhibit 3**.

CiviClick's and SCS' objection on confidentiality grounds is not a reason to withhold the documents. There is a protective order in place, and they can simply designate the income statements and "CONFIDENTIAL." CiviClick's and SCS' objection of overbreadth is overcome by the very specific, narrowed request to produce income statements. The objections are therefore meritless. The income statements are relevant to Advocacy Holdings' claims and should be produced.

Advocacy Holdings respectfully requests that this Court either (1) rule on the papers that CiviClick and SCS must produce the requested income statements; or (2) hold a hearing to resolve this discovery dispute. If this Court grants Advocacy Holdings' request for CiviClick and SCS to produce the income statements, Advocacy Holdings further requests that this Court require them to do so by 4:00 p.m. on December 3, 2025 (the day before the CiviClick and SCS depositions).

Sincerely,

Ahamant

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHAZZ CLEVINGER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCACY HOLDINGS, INC., and JOHN KOEPKE, and RED CHALK GROUP, LLC, and RAYMOND ZENKICH,<br><br>Defendants. | Case No. 1:23-cv-1159-JMC |
| ADVOCACY HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHAZZ CLEVINGER, and CIVICLICK, INC., and SUPERIOR CAMPAIGN SOLUTIONS, LLC.,<br><br>Defendants. | Case No. 1:23-cv-1176-JMC |

**CIVICLICK, INC.'S RESPONSES AND**
**OBJECTIONS TO ADVOCACY HOLDINGS, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

CiviClick, Inc. hereby serves these Responses and Objections to Advocacy Holdings, Inc.'s First Set of Requests for Production of Documents.

Responding party states that these discovery requests were never properly served by the issuing party as required by Fed. R. Civ. P. 5(b)(2). They were not served via CM/ECF or in hard copy by mail as required under Rule 5(b)(2), and service in that manner was never waived. These

EXHIBIT
1

responses and objections are timely pursuant to the extension requests and because the issuing party never served the discovery requests in the manner required under the Federal Rules.

**DEFINITIONS**

1. "CiviClick" means CiviClick, Inc.

2. "Superior Campaign Solutions" or "SCS" means Superior Campaign Solutions, LLC.

3. "Advocacy Holdings" means Advocacy Holdings, Inc.

4. "Red Chalk" means Red Chalk Group, LLC.

5. "Clevinger Parties" means Clevinger, CiviClick and SCS.

6. "Advocacy Holdings Parties" means Advocacy Holdings, Red Chalk, John Koepke, and Raymond Zenkich.

**CIVICLICK'S RESPONSES TO REQUESTS FOR PRODUCTION**

1. All documents you referenced or relied on when answering any interrogatories served on you in this Case.

**Response:** CiviClick objects to this request because it is vague and lacks the specificity necessary to identify the documents being sought. The request demands "all documents referenced" or "relied on" in answering interrogatories but does not clarify what constitutes "referencing" or "relying on" a document or whether the request is limited to documents that substantively informed its responses or whether those documents were referenced or relied on for general or historical knowledge and background. These ambiguities make it impossible to determine the precise scope of what is being requested.

CiviClick further objects because the request is overly broad and not relevant to any party's claims or defenses or proportional to the needs of the case. It encompasses any document that may

information without a specific and legitimate justification for its disclosure. Courts routinely limit discovery into personal financial records absent a clear and demonstrated need. If the requesting party believes certain transactions are relevant, it must identify the specific basis for that claim rather than seeking wholesale production of all credit card statements.

No documents will be produced. Documents are being withheld pursuant to the valid and proper objections.

4. All documents reflecting income you received from any source.

**Response:** CiviClick objects because the request is overly broad and lacks any limitation as to relevance or scope. By seeking "all documents reflecting income" from "any source," the request encompasses a sweeping range of financial records, including transactions entirely unrelated to the claims and defenses in this litigation. Without any attempt to tailor the request to specific revenue streams or transactions at issue, it amounts to an impermissible fishing expedition into all aspects of CiviClick's financial operations.

Additionally, CiviClick objects to the extent this request seeks confidential business and financial information without any justification for its disclosure. If the requesting party contends that specific income-related records are relevant, it must identify the particular basis for that assertion rather than demanding wholesale production of all such documents.

Subject to the preceding objections, please see documents produced at bates range CLEVINGER PARTIES CONFIDENTIAL 0001488-0001537. Some documents are being withheld pursuant to the valid and proper objections.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: /s/ Kenneth E. Chase
Kenneth E. Chase
D.C. Bar No. 985629
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: (305) 402-9800
Fax: (305) 402-2725
Email: kchase@chaselaw.com

*Counsel for*
*Chazz Clevinger, CiviClick, Inc.,*
*and Superior Campaign Solutions, LLC*

**CERTIFICATE OF SERVICE**

I, Kenneth E. Chase, hereby certify that I served the foregoing via email to issuing party's counsel via email on February 19, 2025 and by U.S. mail.

By: /s/ Kenneth E. Chase
Kenneth E. Chase

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHAZZ CLEVINGER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCACY HOLDINGS, INC., and JOHN KOEPKE, and RED CHALK GROUP, LLC, and RAYMOND ZENKICH,<br><br>Defendants. | Case No. 1:23-cv-1159-JMC |
| ADVOCACY HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHAZZ CLEVINGER, and CIVICLICK, INC., and SUPERIOR CAMPAIGN SOLUTIONS, LLC.,<br><br>Defendants. | Case No. 1:23-cv-1176-JMC |

**SUPERIOR CAMPAIGN SOLUTIONS, LLC'S**
**RESPONSES AND OBJECTIONS TO ADVOCACY HOLDINGS, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Superior Campaign Solutions, LLC hereby serves these Responses and Objections to Advocacy Holdings, Inc.'s First Set of Requests for Production of Documents.

Responding party states that these discovery requests were never properly served by the issuing party as required by Fed. R. Civ. P. 5(b)(2). They were not served via CM/ECF or in hard copy by mail as required under Rule 5(b)(2), and service in that manner was never waived. These

EXHIBIT
2

responses and objections are timely pursuant to the extension requests and because the issuing party never served the discovery requests in the manner required under the Federal Rules.

## DEFINITIONS

1. "CiviClick" means CiviClick, Inc.

2. "Superior Campaign Solutions" or "SCS" means Superior Campaign Solutions, LLC.

3. "Advocacy Holdings" means Advocacy Holdings, Inc.

4. "Red Chalk" means Red Chalk Group, LLC.

5. "Clevinger Parties" means Clevinger, CiviClick and SCS.

6. "Advocacy Holdings Parties" means Advocacy Holdings, Red Chalk, John Koepke, and Raymond Zenkich.

## SUPERIOR CAMPAIGN SOLUTIONS' RESPONSES TO REQUESTS FOR PRODUCTION

1. All documents you referenced or relied on when answering any interrogatories served on you in this Case.

**Response:** Superior Campaign Solutions objects to this request because it is vague and lacks the specificity necessary to identify the documents being sought. The request demands "all documents referenced" or "relied on" in answering interrogatories but does not clarify what constitutes "referencing" or "relying on" a document or whether the request is limited to documents that substantively informed its responses or whether those documents were referenced or relied on for general or historical knowledge and background. These ambiguities make it impossible to determine the precise scope of what is being requested.

Superior Campaign Solutions further objects because the request is overly broad and not relevant to any party's claims or defenses or proportional to the needs of the case. It encompasses

Superior Campaign Solutions also objects to the extent this request seeks private and confidential financial information without a specific and legitimate justification for its disclosure. Courts routinely limit discovery into personal financial records absent a clear and demonstrated need. If the requesting party believes certain transactions are relevant, it must identify the specific basis for that claim rather than seeking wholesale production of all credit card statements.

No documents will be produced. Documents are being withheld pursuant to the valid and proper objections.

4. All documents reflecting income you received from any source.

**Response:** Superior Campaign Solutions objects to this request because it improperly seeks documents unrelated to any party's claim or defense and which are not proportional to the needs of the case, as Superior Campaign Solutions' income has no relevance to this dispute. Superior Campaign Solutions further objects because the request is overly broad and lacks any limitation as to relevance or scope. By seeking "all documents reflecting income" from "any source," the request encompasses a sweeping range of financial records, including transactions entirely unrelated to the claims and defenses in this litigation. Without any attempt to tailor the request to specific revenue streams or transactions at issue, it amounts to an impermissible fishing expedition into all aspects of Superior Campaign Solutions' financial operations.

Additionally, Superior Campaign Solutions objects to the extent this request seeks confidential business and financial information without any justification for its disclosure. Courts routinely limit discovery into a company's financial records absent a demonstrated need, particularly when those records include competitively sensitive information. If the requesting party contends that specific income-related records are relevant, it must identify the particular basis for

that assertion rather than demanding wholesale production of all such documents.

No documents will be produced. Documents are being withheld pursuant to the valid and proper objections.

5. All documents related to the formation, registration, or operation of Superior Campaign Solutions, LLC, including articles of incorporation, business licenses, operating agreements, and any business plans or proposals.

**Response:** Superior Campaign Solutions objects to this request because it demands "all documents related to the formation, registration, or operation" of Superior Campaign Solutions, LLC, but it fails to specify how such documents are relevant to any party's claims or defenses. Discovery must be appropriately tailored to the issues in dispute, not a broad inquiry into the corporate governance and operations of a separate entity without any showing of relevance.

Superior Campaign Solutions further objects because the request is vague and unlimited in scope. By seeking "all documents related to" Superior Campaign Solutions, LLC's formation and operation, it includes an undefined and potentially vast array of corporate materials, from routine filings to internal business planning documents, without distinguishing between those that have any bearing on the claims or defenses in this litigation and those that do not. A request that lacks specificity as to the subject matter or  and time frame, and which is lacking any tie to a claim or defense, is both overbroad and not proportional to the needs of the case.

No documents will be produced. Documents are being withheld pursuant to the valid and proper objections.

Moreover, the request seeks confidential and proprietary business information related to website development, which could contain commercially sensitive data and proprietary information.

Notwithstanding the objections above, no responsive documents exist.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase
D.C. Bar No. 985629
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: (305) 402-9800
Fax: (305) 402-2725
Email: kchase@chaselaw.com

*Counsel for*
*Chazz Clevinger, CiviClick, Inc.,*
*and Superior Campaign Solutions, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I, Kenneth E. Chase, hereby certify that I served the foregoing via email to issuing party's counsel via email on February 19, 2025 and by U.S. mail.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase

**Ramana, Anand**

---

**From:** Kenneth E. Chase <kchase@chaselaw.com>
**Sent:** Tuesday, November 25, 2025 7:06 AM
**To:** Ramana, Anand
**Cc:** Rush, Hunter
**Subject:** [EXT] RE: Clevinger/AHI - CiviClick/SCS income statements

Mr. Ramana,

You are mischaracterizing the discovery requests, pursuant to which my clients served responses, objections, and documents approximately nine months ago.

My clients have already responded. "Income statements" were not even requested. Your email below does not make sense and is untimely.

Thank you.

**Kenneth E. Chase**
Chase Law & Associates, P.A.
t 305.402.9800
kchase@chaselaw.com

**Boca Raton Office**
951 Yamato Road, Suite 280
Boca Raton, FL 33431

FLORIDA | CALIFORNIA
WASHINGTON, DC | NEW YORK
MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

CHASE LAW & ASSOCIATES, P.A.

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

**From:** Ramana, Anand <aramana@vedderprice.com>
**Sent:** Monday, November 24, 2025 1:43 PM
**To:** Kenneth E. Chase <kchase@chaselaw.com>

EXHIBIT 3

**Cc:** Rush, Hunter <hrush@vedderprice.com>
**Subject:** RE: Clevinger/AHI - CiviClick/SCS income statements

Dear Counsel:

Can you please let us know by close of business today whether you plan to produce the below-requested documents by Dec. 1? If you do not respond today, we will proceed under the assumption that you do not.

Regards,

**Anand Ramana,** Shareholder

VedderPrice
1401 New York Avenue, NW
Suite 500
Washington, DC 20005
T +1 202 312 3325
web | email | offices | biography

**From:** Ramana, Anand <aramana@vedderprice.com>
**Sent:** Friday, November 21, 2025 2:26 PM
**To:** Kenneth E. Chase <kchase@chaselaw.com>
**Cc:** Rush, Hunter <hrush@vedderprice.com>
**Subject:** Clevinger/AHI - CiviClick/SCS income statements

Dera Counsel:

Document Request No. 4 to CiviClick and SCS ask for income documents. We produced income statements in response to your document requests, but you have not reciprocated. Please produce annual income statements for 2023 to date for CiviClick, and 2021 to date for SCS entity before Dec. 1. If you do not plan to, please let us know as soon as possible so we can raise this with Judge Harvey.

Regards,

**Anand Ramana,** Shareholder

VedderPrice
1401 New York Avenue, NW
Suite 500
Washington, DC 20005
T +1 202 312 3325
web | email | offices | biography

---

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price (FL) LLP, which operates in Florida, and Vedder Price Pte. Ltd., which operates in Singapore.

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 609-5038 and also indicate the sender's name. Thank you.

d250106us